IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN THE MATTER OF: ) | CASE NO. BK09-82741-TLS |
| ) | |
| MICHAEL DAVID ELLIS and ) | CH. 7 |
| PEGGY LINN ELLIS, ) | |
| ) | |
| Debtors. ) | |
| TINY'S BOATS & MOTORS, INC., ) | ADV. NO. A10-08055-TLS |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| MICHAEL DAVID ELLIS, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Trial was held in Omaha, Nebraska, on June 9, 2011, on Plaintiff's complaint (Fil. #1). Brian J. Adams appeared for Plaintiff, and Robert J. Remack appeared for Defendant. Following trial, the parties were given the opportunity to file written closing arguments. The parties have now done so, and this matter is ready for decision.

This is an adversary proceeding to determine whether an obligation owed by Debtor-Defendant to Plaintiff pursuant to a state court judgment is nondischargeable pursuant to 11 U.S.C. § 523(a)(3) and(4). Defendant asserts that Plaintiff did not object to discharge in a timely manner and further asserts that the debt does not fall within 11 U.S.C. § 523(a)(4).

*Background*

The following facts are taken from the joint preliminary pretrial statement of the parties and from the opinions issued in the state court proceedings:

1. In late 2002 or early 2003, Defendant approached David McKinnis ("McKinnis") about investing in a boat dealership that was for sale. At the time, Defendant owned and operated a boat repair and service business.

2. In early 2003, Defendant, McKinnis, and three other individuals formed a corporation called "Tiny's Boats & Motors, Inc." and purchased the boat dealership. The corporation issued ten shares of stock with $10,000.00 invested per share. McKinnis owned six shares, and the other investors, including Defendant, each owned one share. Defendant was listed as an officer and director of the corporation.

      3.      The corporation leased a building for the dealership and subleased a portion of the building to Defendant for his boat repair and service business. In addition to rent, Defendant agreed to pay one-half of the utilities and rent for the building.

      4.      Defendant was in charge of sales and ordering inventory. Plaintiff paid Defendant a commission on the sales he made, and his rent utility payments for his own business were taken out of his commissions. Defendant was also allowed to purchase parts for his repair and service business through the corporation. Accounts were set up to keep track of what Defendant owed Plaintiff. In late 2005, McKinnis realized that inventory was missing and changed the locks on the building.

      5.      In 2006, Plaintiff filed an action in the District Court of Washington County, Nebraska. The amended complaint in the state court action contained three causes of action. The first cause of action was misappropriation of inventory, the second cause of action was for breach of a lease agreement, and the third cause of action was for breach of contract.

      6.      Trial took place in Washington County, Nebraska, on October 18, 2006. During the trial, Defendant acknowledged that he was a shareholder and an officer of the corporation and that since early 2004, he was the manager of the business in charge of writing all checks and making deposits, and making all computer entries for everything that was bought and sold.

      7.      In its decree,[1] the District Court of Washington County found that Defendant owed a fiduciary duty to Plaintiff because Defendant was a shareholder, director, and officer of the corporation, was the manager of the corporation with control over its finances, and because Defendant had physical control of the inventory. The state court further found that Plaintiff had proved that inventory valued at $146,045.00 had been misappropriated, and that "[t]he Defendant misappropriated inventory which he held for the Corporation while acting in a fiduciary capacity and Defendant failed to account for this misappropriated inventory."

      8.      On appeal, the Nebraska Court of Appeals affirmed.

## *Discussion*

Plaintiff asserts that its debt was excepted from discharge pursuant to 11 U.S.C. § 523(a)(3) because it was not listed or scheduled in time to permit Plaintiff to timely request a determination of dischargeability of such debt under 11 U.S.C. § 523(a)(4). Defendant first asserts that Plaintiff failed to bring this dischargeability action in a timely manner. The underlying bankruptcy proceeding of Defendant was filed under Chapter 7 of the United States Bankruptcy Code on October 14, 2009. On that same date, this court issued its bankruptcy notice setting various dates and deadlines, including setting January 11, 2010, as the last date to object to discharge or

---

[1] It is unclear as to why the trial court's decision was termed a "decree" as opposed to a "judgment."

dischargeability. In Schedule F of his bankruptcy filing, Debtor-Defendant listed "Dave McKinnis 164 SE First Street Blair, NE 68008" on Schedule F as an unsecured creditor. Further, the claim was described as being a "Judgement Doc. E103 Page 386 Tiny's Boat & Marine Inc. v. Mike D. Ellis." Further, the official mailing matrix listed "Tinys Boat & Marine, Inc., c/o David McKinnis, 164 S.E. 1st Street, Blair, NE 68008-2540."

Mr. McKinnis testified that he is the president of the Plaintiff corporation. He further testified that neither he nor the corporation received actual notice of the bankruptcy filing in time to file a timely complaint objecting to the dischargeability of the corporation's debt. Mr. McKinnis testified that the address used was not listed as Plaintiff's office or the registered agent's address. In fact, Mr. McKinnis asserted that there is no "S.E. First Street" in Blair, Nebraska. However, 164 S. First Street is the business address of a different entity, McKinnis Roofing & Sheet Metal, Inc. ("McKinnis Roofing"). Mr. McKinnis and other witnesses testified that McKinnis Roofing does not physically receive mail at the McKinnis Roofing address, but instead receives its mail at a post office box at the Blair post office. All of the witnesses presented by Plaintiff testified credibly that they were unaware of the bankruptcy filing by Defendant until dates after January 11, 2010. That testimony was uncontroverted.

Notice must be reasonably calculated to apprise creditors of the pendency of the case and afford them an opportunity to present objections to discharge. *In re Harbaugh*, 2003 WL 21057065, at *3 (Bankr. N.D. Iowa May 8, 2003) (citing *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 214 (1950)). I find that the notice sent to Plaintiff as part of Defendant's Chapter 7 bankruptcy filing was not reasonably calculated to provide Plaintiff with notice of the bankruptcy filing and opportunity to object to dischargeability.

Since Plaintiff did not receive notice of the bankruptcy in time to file a timely proceeding for determination of dischargeability, the indebtedness owed to Plaintiff was excepted from discharge pursuant to under 11 U.S.C. § 523(a)(3).

Further, even if Plaintiff had received proper notice and had commenced this proceeding in a timely manner, I find that the indebtedness owed by Defendant is nondischargeable pursuant to 11 U.S.C. § 523(a)(4). That section excepts from discharge any debt for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny. To prevail, a plaintiff must establish by a preponderance of the evidence that a fiduciary relationship existed between the parties and that the defendant committed defalcation in the course of that fiduciary relationship. *Jafarpour v. Shahrokhi (In re Shahrokhi)*, 266 B.R. 702, 707 (B.A.P. 8th Cir. 2001).

Whether a relationship is a fiduciary relationship within the meaning of § 523(a)(4) is a question of federal law. *Tudor Oaks Ltd. P'ship v. Cochrane (In re Cochrane)*, 124 F.3d 978, 984 (8th Cir. 1997), *cert. denied*, 522 U.S. 1112 (1998). "Acting in a fiduciary capacity" is limited in application to technical or express trusts, not to trusts that may be imposed because of the alleged act of wrongdoing from which the underlying indebtedness arose. *See Davis v. Aetna Acceptance Co.*, 293 U.S. 328, 333 (1934) (stating that the scope of the discharge exception is to be limited to technical trusts, not implied or constructive trusts); *Hunter v. Philpott*, 373 F.3d 873 (8th Cir. 2004)

(stating "fiduciary" is used in a strict and narrow sense in § 523(a)(4), and fiduciary status must pre-date the debt); *Barclays Am./Bus. Credit, Inc. v. Long (In re Long)*, 774 F.2d 875, 878-79 (8th Cir. 1985) (holding that for purposes of § 523(a)(4) fraud or defalcation exception, fiduciary capacity must arise from express trust, not constructive trust or mere contractual relationship).

In *Long*, the Eighth Circuit Court of Appeals recognized that state law may impose fiduciary duties on officers of a corporation which is cognizable in bankruptcy proceedings. *Id.* The State of Nebraska clearly recognizes a fiduciary obligation owed by a corporate officer to the corporation. *Trieweiler v. Sears*, 268 Neb. 952, 689 N.W.2d 807, 840 (2004) (stating "[a]n officer or director of a corporation occupies a fiduciary relation toward the corporation and its stockholders and is treated by the courts as a trustee") (citing *Woodward v. Andersen*, 261 Neb. 980, 627 N.W.2d 742 (2001)).

According to the caselaw in the Eighth Circuit, a "defalcation" under 11 U.S.C. § 523(a)(4) is defined as the "misappropriation of trust funds or money held in any fiduciary capacity; [the] failure to properly account for such funds." Under § 523(a)(4), defalcation "'includes the innocent default of a fiduciary who fails to account fully for money received.' . . . An individual may be liable for defalcation without having the intent to defraud." *Cochrane*, 124 F.3d at 984 (quoting *Lewis v. Scott (In re Lewis)*, 97 F.3d 1182, 1186 (9th Cir. 1996)). *See also Hunter v. Philpott*, 373 F.3d at 875 n.1 (defalcation is generally considered to be a failure to account for money or property that has been entrusted to one).

Therefore, the state court judgment, which included a final adjudication that Defendant committed a defalcation while acting in a fiduciary capacity, is nondischargeable pursuant to 11 U.S.C. § 523(a)(3) and (4).

Separate judgment as to nondischargeability to be entered.

DATED:  July 18, 2011.

                            BY THE COURT:

                            /s/ Thomas L. Saladino
                            Chief Judge

Notice given by the Court to:
       *Brian J. Adams
       Robert J. Remack
       Richard D. Myers
       United States Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.